[Cite as *Etter v. Wright State Univ.*, 2015-Ohio-5358.]

## IN THE COURT OF CLAIMS OF OHIO

SUSAN ETTER

      Plaintiff

      v.

WRIGHT STATE UNIVERSITY

      Defendant

Case No. 2015-00518-AD

Clerk Mark H. Reed

MEMORANDUM DECISION

{¶1} On May 22, 2015, Susan Etter (hereinafter "plaintiff") filed a complaint in this Court against Wright State University (hereinafter "WSU") alleging that as a result of WSU's negligence in failing to clear the Nutter Center parking lot of snow and ice, she fell and sustained injuries to her head and back. The facts are uncontested and are as follows: On January 16, 2015, plaintiff was walking to her car after attending a concert at the Nutter Center when she slipped and fell on an ice covered parking lot. In her fall, plaintiff's head and tailbone struck the ground and she sustained injuries requiring immediate medical attention.

{¶2} Plaintiff's necessary medical expenses included a trip to the emergency room with her medical bills now totaling $869.61. Plaintiff's insurance deductible is $3,500.00.

{¶3} In an Investigation Report filed July 20, 2015, WSU did not dispute plaintiff's version of the facts of the case nor the amount of damage. The University does however dispute liability. Relying on the case of *Brinkman v. Ross* (1993), 68 Ohio St 3d 82, 84, WSU points out that Ohio law regards the natural accumulation of snow and ice as an open and obvious hazard. Plaintiff, WSU argues, should have been aware of this hazard and done what was necessary to protect herself.

{¶4} While *Ross* remains the law in Ohio, there is an exception. *Ross* is limited

in cases where a municipality or local government has enacted a safety statute requiring snow and ice removal.  Fairborn, where WSU is located, appears not to be one of these municipalities however.

{¶5} Finding then that Ross applies to this case, the Court is constrained to agree with WSU in that the wintery conditions on the night of January 16, 2015 were sufficient to have placed a reasonable person on notice that snow and ice could likely be present at any location, including a university parking lot, thus placing any pedestrian potentially in harm's way.  The fact that plaintiff fell and received significant injuries is unfortunate, but this was not due to the negligence of WSU.  It was due instead to the entirely forseeable, hazardous conditions present in the parking lot on the night of January 16, 2015 and not any act of negligence on the part of WSU.  Based on the foregoing then, the complaint filed May 22, 2015 is hereby DISMISSED.

**IN THE COURT OF CLAIMS OF OHIO**

SUSAN ETTER

    Plaintiff

    v.

WRIGHT STATE UNIVERSITY

    Defendant

Case No. 2015-00518-AD

Clerk Mark H. Reed

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are absorbed by the Court.

_____
MARK H. REED
Clerk

Entry cc:

Susan Etter
2385 Greenlawn Drive
Troy, Ohio  45373

Amy Nash Golian
Wright State University
3640 Colonel Glenn Highway
Fairborn, Ohio  45324

Filed 9/22/15
Sent to S.C. Reporter 12/21/15